# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN A. BURDA, <br><br> Defendants. | Case No.: 13-CR-0041-W <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE [DOC. 48.]** |

On September 23, 2013, this Court sentenced Defendant Stephen A. Burda to 151 months imprisonment and 5 years supervised release for receipt of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), arguing that his hypertension, high cholesterol, kidney disease, mild obesity and Gout make him particularly vulnerable to becoming seriously ill from Covid-19.

18 U.S.C. § 3582(c) provides that a defendant may bring a motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring a motion on his behalf. Defendant has satisfied the exhaustion requirement and the Court has jurisdiction and for the reasons below **DENIES** Defendant's motion.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the

court finds that "extraordinary and compelling reasons warrant such a reduction." The United States Sentencing Commission ("USSG") recognizes that certain medical conditions may constitute an "extraordinary and compelling reason" warranting a reduction in sentenced under § 3582. See USSG § 1B1.13. However, application note 1(A) limits a reduction for medical conditions to "terminal illness" or if the defendant is:

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(i)-(ii). U.S.S.G. § 1B1.13 is not binding, however, and "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. Aruda, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (quoting United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020)).

While the Court may consider factors outside of those articulated in the Commission's policy statement, Defendant's medical ailments do not meet the high bar needed to show an extraordinary and compelling reason for a sentence reduction. Defendant is fully vaccinated for the Covid-19 virus and therefore no longer at risk of severe illness from the virus. Further, Defendant's medical records indicate Defendant's hypertension is being managed in prison and is not one of the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19. While the CDC has stated that obesity with a BMI over 30 is a risk factor, it is notable that 40% of American adults have a BMI of 30 or higher. A BMI of 30.41, with no other serious resulting conditions, fails to persuade the Court that it qualifies as "extraordinary and compelling." Finally, Bureau of Prisons (BOP) medical records also reveal that

Defendant's other conditions are being professionally managed and are in stable condition.

Based on the foregoing, Defendant's motion for a sentence reduction is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 19, 2021

Hon. Thomas J. Whelan
United States District Judge